Chancellor Harper
delivered the opinion of the court.
We have no doubt, but that we must recognize the validity of the decree of 1790, and that it is conclusive as to every thing determined by it, on all who were parties to it, and their representatives and privies. We have no doubt either, but that every presumption is to be made in favor of the regularity of the proceedings of the court, and that we must take for granted that all persons were properly made parties, on whose rights as parties the decree purports to decide. This is the presumption in every case in rela. tion to the proceedings of courts — and more especially after so great a lapse of time, and with us, where records are so carelessly preserved. If we should require the production of every subpoena, with proof of service, or the proof of every order of publication to make parties, it would be to obliterate all the ancient proceedings of our courts.
The authority of the decree being acknowledged, it supercedes the necessity of determining some of the questions, which were pressed in argument. It establishes the execution of the mortgage from David to Charles Murray ; the amount due on the bond; the devise of the fee from David Murray to his daughter, Charles, (Mrs. Washington,) and the conveyances by which it became vested in Feme.
I think, too, that there is such privity between the personal representative of Charles Murray, and the other parties to that decree, or their representatives or privies, as to sustain a bill for the purpose of carrying the former decree into execution. It is the common practice, and proper and necessary, that after a considerable lapse of time, a new bill must be filed to carry into effect the former decree. A decree for foreclosure, though the word is commonly used in our proceedings, and also in our act of 1791, in relation to mortgages, does not mean the same thing that it does in *111 the English law. It does not mean that the title to the land shall be, thenceforth, irredeemably vested in the mortgagee, and make the mortgagor a stranger to the land. Our decreé is for a sale. The common course is, that the payment of the money due should be decreed Then a sale is, directed, and if the land should sell for less than the debt, the mortgagee may have execution tor the residue. If it sell for more, the mortgagor is entitled to the sur" plus. And this does not depend on the act of 1791, providing for the sale of mortgaged land. That act applies exclusively to the proceeding in the courts of law. Courts of Equity pursue this course, and we have evidence in the decree before us, that such was the practice before the act of 1791, and I have no doubt, that for this purpose it is immaterial, whether the mortgage were executed before, or after the act.
Notwithstanding a decree for foreclosure then, both parties have equities to enforce, and may come into court for the purpose, and, alter a considerable lapse of time, must come by a new bill. And for this purpose, it is immaterial, whether the party has or has not possession oi the land. The mortgagee, if out of possession, has a right to come for a sale of the land that he may have his debt. If in possession, that the land may be sold, and if it should not pro» duce enough to satisfy the debt, that he may have execution for the residue. So the mortgagor, if out of possession, has a right to enforce a sale, that he may have the surplus if any.
These are the equities of the parties after a decree for foreclo» sure ; but what effect will they have on the present case ? Sup» posing the complainant to be in possession of the land, he has a right to come for a sale, and if the land should not bring enough to pay the debt, to have a decree for the balance. But if he comes for this purpose, the personal representative of David Murray, is a necessary party. It is against him alone that he can have such a decree. Or perhaps in order that his title might be unincum-bered, he might waive his claim to a decree for the money and make parties the heirs of David Murray, if they were entitled to the surplus. He claims and states himself to be in possession. But suppose him out of possession, he has a clear right to come for a sale to satisfy his debt. But he must make the proper parties— those who would be entitled to the surplus, or who have the fee of the land. The heirs of Mrs. Washington, it is supposed, were these parties, and that since the sale and conveyance to the defend, ant, be is invested with all their rights in relation to the land, and is the only proper party.
Petigrtj & Lesesne, for motion.
Hunt and Grisike, contra.
Filed 21st March, 1837.
But as I have said, and as the complainant haa contended, wo must give full faith and credit to the decree of 1790. We must take for granted that Mrs. Washington was properly made a party to it. Then that decree establishes the fee of the land to be in Ferrie — it directs him to join in the conveyance and directs the surplus of the sales to be paid to the representatives of Gen. Greene on account of his liability. These then, are «lie only parties who have the fee, or who have any title to the surplus. But it is said, that the conveyance of Washington and wife, to Pierce, White and Call, the mesne conveyances to Ferrie, shew that Mrs. Washington did not renounce her inheritance. But you cannot aver against a decree. Is there any doubt of that ? It must bind all parties to it and their privies, while it stands unreversed on the record. The interests of married women are daily bound by decrees to which they are paries. If there are grounds to avoid the decree, it must be by some proceeding on the part of Mrs. Washington, or those representing her. Besides, the act of 1731, does not require the wife's.renunciation of inheritance to be indorsed on the deed. It requires the acknowledgment, certified by the judge, to be recorded in the office of Pleas. On the same ground, that Í presume the regularity of the other proceedings in the case, ought I not to presume, that this record, has been lost or destroyed by accident, and the lapse of time. It is not even stated, that the office has been examined. The proper parties not being before the court, the only party made having no interest, the bill must of course be dismissed.
The decree is affirmed.
WILLIAM HARPER.
We concur,
DAVID JOHNSON,
J. JOHNSTON.